UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY MEYERS,

        Plaintiff,                                  Hon. Ellen S. Carmody

v.

                                        Case No. 1:16-cv-608

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 10). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 45 years of age on his alleged disability onset date. (PageID.140). He successfully completed high school and previously worked as an industrial truck operator and an egg sorter. (PageID.47, 58). Plaintiff applied for benefits on July 23, 2013, alleging that he had been disabled since September 15, 2009, due to heart ailments, diabetes, hypertension, and high cholesterol. (PageID.140-41, 154). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.76-136). On November 10, 2014, Plaintiff appeared before ALJ James Kent with testimony being offered by Plaintiff and a vocational expert. (PageID.55-74). In a written decision dated January 2, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. (PageID.40-49). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.22-26). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v.*

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) diabetes; (2) obesity; (3) high blood pressure; (4) history of nonischemic cardiomyopathy and ventricular tachycardia; (5) status post pacemaker implantation; (6) calcaneal spurs; and (7) minor degenerative changes, lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.42-45).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can lift 10 pounds frequently and 20 pounds occasionally; (2) during an 8-hour workday, he can sit and stand/walk for 6 hours each; (3) he can occasionally stoop, crawl, crouch, kneel, balance, and climb ladders, ropes, scaffolds, ramps, and stairs; (4) he must avoid concentrated exposure to cold, heat, humidity, and environmental irritants. (PageID.45).

At the administrative hearing, a vocational expert testified that Plaintiff, even if limited to this extent, could still perform his past relevant work as an egg sorter. (PageID.71-72). The vocational expert also testified that there existed approximately 400,000 jobs nationwide which Plaintiff could perform consistent with his RFC. (PageID.72-73). Accordingly, the ALJ concluded that Plaintiff was not disabled.

**I.          The ALJ Properly Evaluated the Opinion Evidence**

On June 5, 2013, Dr. Todd Otten completed a form report regarding Plaintiff's impairments. (PageID.396-99). Dr. Otten reported that Plaintiff was more limited than the ALJ ultimately concluded. The ALJ afforded "little weight" to Dr. Otten's opinion. (PageID.46-47). Plaintiff argues that he is entitled to relief on the ground that the ALJ failed to articulate sufficient reasons for discounting the opinion of his treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284,

286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Much of Dr. Otten's opinion is consistent with the ALJ's RFC determination. Nevertheless, the doctor reported that during an 8-hour day, Plaintiff can stand/walk for only "about

2 hours." (PageID.397). The doctor reported that Plaintiff can walk only 2 blocks without rest or severe pain. (PageID.397). The doctor reported that during a work day, Plaintiff would need to take unscheduled breaks every 1-2 hours. (PageID.397). The doctor also reported that Plaintiff's impairments would cause him to be absent from work "more than four days per month." (PageID.399). The medical record does not support these limitations.

Plaintiff began treating with Dr. Otten in July 2010. (PageID.394). The doctor observed that Plaintiff's diabetes was "poorly controlled." (PageID.394). Plaintiff was instructed to eat better, stop smoking, and "increase his level of activity." (PageID.394). Treatment notes dated November 17, 2010, indicate that Plaintiff was experiencing "tremendous improvement" regarding his diabetes. (PageID.392). Plaintiff's blood sugars were "stable" and he lost "close to 30 pounds." (PageID.392). Plaintiff was encouraged to continue exercising. (PageID.392). Subsequent treatment notes indicate that Plaintiff's diabetes was well-controlled. (PageID.384-85, 387, 391). The results of various physical examinations in 2013-2014 were unremarkable and revealed that Plaintiff's diabetes was well controlled. (PageID.375-79, 432-35, 442-46). As for Plaintiff's pacemaker, treatment notes dating from 2011-2014 revealed that the pacemaker was functioning normally without complaints. (PageID.337, 344, 348, 363, 428-29). Moreover, the results of a June 2013 echocardiography examination were unremarkable. (PageID.423-24).

The ALJ afforded little weight to Dr. Otten's opinions on the ground that such "are not well supported objectively, and are contraindicated by substantial evidence in the case record." (PageID.47). This conclusion is supported by substantial evidence. Accordingly, this argument is rejected.

**II.       The ALJ Properly Assessed Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that he was more limited than the ALJ recognized. Specifically, Plaintiff testified that during an 8-hour workday he would need to lay down and nap for at least 20 minutes "probably twice." (PageID.64). Plaintiff reported that he cannot walk the 3-4 blocks to the store without stopping to take a break "about halfway there." (PageID.65). Plaintiff reported that he mows his lawn with a self-propelled push mower, but has to take breaks throughout. (PageID.68). The ALJ discounted Plaintiff's subjective allegations. (PageID.46). Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his allegations is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan*

9

standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In support of his decision to discount Plaintiff's credibility, the ALJ concluded:

The record does not fully support the claimant's contentions as to the magnitude of his symptomatology and dysfunction, including his

expressed level of fatigue and reported need to rest and lie down for extended intervals on most days.  Nor does the evidence substantiate the claimant's reported frequent rest room use, or number of bad days where he is essentially nonfunctional.  The claimant reported that he sometimes felt agitated.  The claimant, however, was not involved in any mental health therapy during the period at issue, and the record documented no anomalies related to his mood, general mentation or cognition.  The claimant alleged some hand cramping when using tools, but the record evidence discloses no limitations affiliated with grip, dexterity or digital mobility.  The claimant informed that his insulin caused a bit of tiredness, but the record reflects he consistently denied seriously adverse pharmacology side effects.  Within testimony or the written record, it was reported that the claimant performed self-care tasks, prepared meals, cut his lawn (self-propelled mower), drove a car and motor cycle, used a chainsaw and computer, shopped, spent time with family, and did minor household repairs.

(PageID.46).

The ALJ's observations are supported by and are consistent with the evidence of record.  While Plaintiff has argued that the ALJ could have weighed the evidence differently, the question is not whether a different interpretation of the evidence would be supported, but instead whether the ALJ's assessment is supported by substantial evidence.  Because the ALJ's assessment is supported by substantial evidence, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  May 23, 2017                                   /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge